Bowling v. U.S. Bank National Association All right, Mr. Ley, we'll hear from you first, please. Good morning, Judge Rosenbaum, Judge Branch, and Judge Higginbotham. May it please the court. My name is Kenneth Ley, and I represent the bowlings in this matter. This case originated out of a foreclosure that occurred in October of 2012. There was a purchaser, the original plaintiff, WBG, who filed an ejectment suit in the Circuit Court of Jefferson County. I was not the attorney at the time, but later came into the case to represent the bowlings. When we came into the case, we filed an amended answer and counterclaim in the matter. At that time, when we filed the amended answer and counterclaim, we added or joined under Rules 13H, 19, and 20, the appellees in this case, U.S. Bank, Ocwen, and Litton Loan. Let me ask you a question. Do you perceive the original ejectment claim as falling within the district court's supplemental jurisdiction? If so, why? If not, why not? I think you addressed it a bit in your brief. That came up in the district court when we had Judge Heitkla. I think it does fall under the supplemental jurisdiction in the sense that it is an issue that could be brought over to the court. We've had other cases which have been removed. In fact, I have a couple now where the ejectment was brought over both when there was a third party that was added and when there was not. I think they can be brought over. It's certainly important to note that in this case, the original plaintiff also sought removal. I'm remanded. It wasn't just us. They joined in our remand request. Is the ejectment action part of the same common nucleus of facts? Oh, absolutely. Just to be clear, the same common nucleus of facts as the claims that you brought against the appellees here? Yes, because, and that's what's happened. What I predicted the disaster that would occur has occurred in this case. We are now five years later. The ejectment suit is sitting in state court waiting for the federal case to be dealt with. To make matters worse, the state court claims that were originally kept in the summary judgment order were chopped back. The case was stayed by the state court to deal with this because the declaratory relief that we've, the only counterclaim that we had against the original plaintiff was declaratory relief that there was an improper foreclosure. Therefore, they did not have title. Every claim that we brought, as it relates to state court claims in the case, deal with whether or not the foreclosure was proper. We have to do this in every case. We have to bring them in because they're the ones that did the foreclosure. It is very often that stuff gets transferred after a foreclosure sale. For example, Fannie Mae may not have been the person that foreclosed, but they may have the deed and then filed the ejectment suit. Same with Freddie Mac. We have to bring in the entity that did the I'm not quite clear in terms of your counterclaim. The ejectment action is brought by a purchaser from the foreclosure sale. Then you filed a counterclaim. What relief do you seek from the purchaser? The relief that we sought from the purchaser was simply declaratory relief that they did not have. An ejectment suit is who has title. Therefore, the person that doesn't, if it is the person in possession, gets ejected. If the foreclosure is good, then the purchaser has title. That's correct. That's right. He completely has title. You're going to litigate the question of the foreclosure by suing the purchaser? We found an answer and counterclaim seeking a declaratory relief from the state court as well as affirmative defenses that they did not have superior title because of the improper foreclosure sale. As the Court of Civil Appeals has held in Alabama over and over again, you only get from the foreclosure deed what you got. So if they didn't have the right to foreclose and the deed is invalid, then it goes away. We have to bring these folks in to say whether it was invalid or not. Otherwise, that party says, well, we didn't foreclose against you, so we have to bring them in to get the discovery, to find out if the foreclosure was invalid or not, all of the claims related to that. I would note for the court that even the claims that Judge Heikkila kept and ruled on, for example, now not all of them are completely the same. If you look at the stuff that I District, and the Southern District, and the Middle District, and the Northern District repeatedly have ruled in our favor on this issue. This is the outlier. This is the one case that says that remand is not required. So if you look at what Judge Steele and Judge Proctor and Judge Hopkins and Judge Ott did and the decisions that I attached, it clearly shows why it's related. In fact, Judge Steele talks about we might could win or lose here regardless of the facts on a RESPA claim or perhaps a fair credit claim. But as you note in the decision here, Judge Heikkila on the Fair Debt Collection Practices Act, the FDCPA, went through whether the foreclosure was valid or not, went through whether the notice was still addressed this. In fact, the other side intends to use that to go in and say, well, you don't have a breach of contract claim because she says already the notice is okay, which we take issue with based on recent Supreme Court cases. But it is very much tied. It's all wrapped in together. Okay, thank you. Now, let's just, I don't know whether it was properly removed or not, but just for purposes of this argument, assuming it was properly removed, with respect to the 1692 F6 claim, why is that not waived since it was not in the counterclaim and it wasn't raised until the amended response to the motion for summary judgment was filed? Well, what we had in the claim was a very broad, we may not specifically have addressed that, and as you know, the Supreme Court has ruled in the Johnson case just because you don't cite the specific statute in question. If the facts are there to support it, it's not a waived issue. So I would argue that if we had the facts to support it, we raised several other claims. I would not argue that it's waived on that basis just because we didn't have a specific statute mentioned, if that's what you're asking. Thank you. And not to add to the delay, you've talked about five years, but we also have a Supreme Court case that is dealing with removal in a situation that is arguably similar. There are certainly some differences. It was argued a few weeks ago, as I recall. Yes. So should we be waiting for that ruling? Well, my partner asked me that same question, and I would say that I think it is similar, like you said, but I don't think it's exactly the same. I think the cases in the Supreme Court case, the claims were not nearly related like they are here. And the problem is here, it's just like I said, we've had a bifurcated case that has sat in state court with no action for five years. All of it was except the ejectment claim was kept to begin with. Then the state court claims were sent back and just the federal claims were kept. So that even when this is now over, we could have either an inconsistent result or a whole nother case in essence. So I don't think it serves anybody in a practical sense to have the cases go this kind of way. It doesn't serve anybody because just the reason the plaintiff joined us to begin with is because they feared that this would happen. They wanted it back because they feared if we split it off that state court would get stayed and we'd be litigating in federal court over these issues. And so the Supreme Court case that you're referencing, the claims that were added against the new parties were not nearly as integrated as they are in this case. But it is similar. I would agree with that. I suppose the Supreme Court says that these counterclaims can be removed, which has been an open question for several years. Well, I guess we all get some direction, but I hope they don't. But I also would add, as I stated to Judge Branch, I don't think it's exactly the same thing. If you look at the similar cases that I attached from Judge Odd and Judge Proctor and Judge Steele, they talk about how and why these are. Well, if the Supreme Court's, the Home Depot's decision says that counterclaims defendants can remove under 14401A, then it would seem that removal was here proper. And if that's so, where would that leave you? Well, if they, there are two issues here. It was for the A and the C. All right. I think the A, if they rule that counterclaim defendants in general, then that could be an issue. Because C depends on the other issues that we've talked about where A is just simply the defendants. But I will say the plain language of the statute makes it very, very clear that it's defendants. It does not mention counter defendants. Well, it would appear if the Home Depot says the counterclaim can remove, then you're going to go to a 1441C. Correct. But if the Supreme Court's decision is recited in the brief, they should not be able to remove there because they don't meet the exact language which states it can't be supplemental jurisdiction. Well, my direction, my question is that the better way to proceed, whether to wait for the Supreme Court decision or not, and that's the answer. If this case can be answered regardless of the outcome of that decision, then arguably so. But it's not clear at all to me that that is the circumstance. I would agree with you. I mean, in all candor, which I'm supposed to do here, obviously. No, I appreciate that. I agree with you. It certainly has an effect on it. And I would expect the Court will rule that. It can have a controlling effect on the primary question of removability. On the Part A, it certainly could. I think under C, we win under the reasons that we cited here about the intertwined issues and what have you. Yes, we do. And if the case remains, I would like the Court to realize that our notice issue, we would like that addressed under the recent Supreme Court case of Turner and Dysart from the 11th Circuit. I attach those to the reply brief. That even if the Court decides that there is jurisdiction in this matter, that the Court got it wrong when she stated that substantial compliance with a notice is okay. I realize she ruled before the Supreme Court case came out. But based on that, it's very clear to me that that ruling is wrong. But the absence of a Supreme Court will allow us to avoid returning to the Carl Heck dispute long-term. Yeah, when I was speaking to the Supreme Court. The liability of that case. Yes, there's a weak argument. That's another little detail. Under Judge Proctor's analysis, it doesn't apply because the statute's been amended twice since Carl Heck was in 1990 and 2011, I believe. But the second argument that I was making was simply, if you do accept jurisdiction, there are other issues to decide. And particularly, I think the notice issue is controlling here. Because the Supreme Court has said if the notice is invalid, it's out. It's been ruled on by this Court, although it wasn't a published opinion in Dysart by, I believe, Judge, I can't remember right offhand. But anyway, prior, Bill Pryor from Alabama, ruled in that case, following Turner, that specific compliance with the notice, and it had to be strict and substantial, was not enough. And I think we win the case on that basis alone, even if jurisdiction is not an issue. Thank you, Mr. Lay. Thank you. You've reserved five minutes for rebuttal. Thank you very much. Excuse me. Good morning, Your Honors, and may it please the Court. My name is Mark Ayers, and along with my partner, Stanley Blackman, we represent the Appalese, Occoquan-Lytton, and U.S. Bank. I wanted to do just a bit of housecleaning very quickly on some of the issues that we were just discussing. The appeal does raise some novel and difficult questions, but we believe that there are certain things that are clear that we can deal with right off the bat. And that's, first, the removal statutes do not in any way, on their face at least, I don't think this is disputed, limit removal to original defendants. That language doesn't appear anywhere in the statutes. That developed, as many commentators and many judges have pointed out, and as the Supreme Court is now chewing on a bit in the Home Depot v. Jackson decision, we'll have to see how far they get down that line. It is possible that they go out on a CAFA-specific ruling or that they dig full bore into the Shamrock Oil rule and hold. Although, from the oral argument, it did seem that several of the justices said Shamrock Oil doesn't go any further than saying the original plaintiff who has then been countersued now can't remove, which makes sense because the plaintiff chose the forum, and that's about as far as it goes. And it's important to remember that in this case, the Applees are the only ones that got no choice whatsoever. WGB chose a state forum. The Bollings then chose, they did not have to, they could have brought their counterclaims, all of them, in the federal court in a separate action. WGB gets dragged into this case with a slew of claims, several federal question claims, several other claims that would be within the supplemental jurisdiction of the court. Of course, the original claim, and this is one of the issues, it's undisputed that the original claim, the ejectment claim, was not within the original or supplemental jurisdiction. Actually, I'm not sure it is really undisputed that the ejectment claim is not, would not fall within the supplemental jurisdiction of the district court if it were properly removed. I mean, so let me hear from you a little bit on that. Why do you think that the ejectment action does not fall within the supplemental jurisdiction of the district court if the case is otherwise properly removed? Yes, Your Honor. Now, of course, I was speaking there of when the case was first brought. I understand. It was, the Bollings couldn't have removed it. And it's not until the addition of the counterclaims that removal even becomes an issue. So you agree then that the ejectment claim does fall within the district court supplemental jurisdiction if the federal claims were properly removed? I think it's, I think it's a closer case than was presented. I mean, and just to clear up one point, I mean, below, counsel for the Bollings when asked at the hearing, and this is in document 77 at pages 8 to 9, when asked specifically about the various jurisdictions said, and the court was walking through, I have federal questions, your original jurisdiction over these claims. I can take supplemental jurisdiction of the state law claims. But as to the, unless it's clear to me, unless someone else tells me otherwise, that WGB's claims against the Bollings, there is no basis for federal court jurisdiction. And counsel for the Bollings says, that's correct. I agree with you. Except that, as you know, we have to consider our jurisdiction anew and de novo, and it doesn't matter ultimately. And that is correct. I just wanted to clarify that this was not as clear as was perhaps being presented. So what is your position then about whether the ejectment claim falls within the supplemental jurisdiction of the court? It, like in Carl Heck, I would have to say that the claim is related, certainly would concede it's a related claim. Does it not arise from the same nucleus, operative nucleus of facts? Well, it is a claim that you don't necessarily need. I will say under 1367, the language, the actual language is this. It says, it talks about if a federal court has original jurisdiction, you know, claims that would give it original jurisdiction. The district courts have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. Now, those federal question claims, I mean, you have TILA claims about the, you know, what was disclosed at the beginning. Or RESPA claims as to whether it was proper, whether Ocwen properly responded to a qualified written request and so forth. I don't think any of those are, you know, those are claims for money damages that address issues along the way and don't have anything to do. You wouldn't use any of that in an ejectment action. I think the closest you get, as counsel stated, is the FDCPA claim. Well, 1367 simply brought forward the United Mine Workers formulation originally. And you look back at United Mine Workers and the decision incorporating that, I've had difficulty seeing why this is not plainly within the reach of that. If you remember the facts of those cases, the controversy with the labor unions, the flight to the Gray Wolf mines, et cetera, some of the detail happens to be the enactment after Fenley of 1367. I have a hard time seeing this is not all rising under that. I will concede that. The common nucleus of operative facts here on the United Mine Workers, to be more explicit, involves the question of whether or not this foreclosure is valid. Your Honor, at least with respect to the FDCPA claim, I'll say that is a difficult thing. Because as he said, I mean, that claim does involve a claim. We don't think there's any merit to it. But the claim, at least, that there was a wrongful foreclosure and so forth. And so that would involve a lot of the same issues. But that raises the question about the Carl Heck process. Except that Carl Heck was decided under a prior iteration of 1441C. It was, Your Honor. Although we heard from counsel that it's been amended twice, and it has, in 1990 and in 2001. But none of those amendments have much to do with the underlying rationale that Carl Heck was decided under. The lead rationale, of course, is that there's nothing in these statutes that precludes third-party removal. I mean, that's one of the biggest things. But the problem is, if we look at the language of the most recent version, it requires not only a claim arising under the Constitution or federal law, but also and a claim not within the original or supplemental jurisdiction of the district court, or a claim that has been made non-removable by statute. So if the ejectment claim is within the supplemental jurisdiction of the district court, it seems like that's a problem for you, under the language of the statute. Yes, Your Honor. It is. Carl Heck essentially looked at it this way. He said, you have a main claim, and then you've got a third-party claim. And we're looking at these things differently. And there was some different language in that statute. Although the legislative history and so forth demonstrates that this wasn't intended, these amendments, except for eliminating diversity and so forth, were not necessarily intended to shrink the class of cases. But that is how it looked at it. And it said, all right, we've got this main claim for liquidated damages, one party against another. And then the defendant in that case has an indemnification claim, kind of a proper Rule 14 claim against this third party. And, again, it separated those things. And that's essentially what the district court did here, following, as the district court must, the binding decision in Carl Heck and not presuming that the ---- But here's the problem, and maybe you can explain why it's not a problem. The version of the statute in Carl Heck said a separate and independent action, right? That does not appear anywhere here. And those weren't at the time that, I mean, that did not necessarily equate to supplemental, non-supplemental or non-pendant jurisdiction, right? But now the statute is very clear, and it says a claim not within the original or supplemental jurisdiction. And so I feel like that takes this out of the Carl Heck precedent. Maybe I'm missing something, though, so you can tell me. Well, there are two ways, really, to look at that. Either that is the proper approach, that when you have a scenario like this, that you do have a main claim that is non-removable, there's no federal jurisdiction whatsoever, and then some third party defendants are brought in, again, with no say of the forum, and with a lot of federal questions that those are looked differently and that this statute falls within that. The language here is more general. If the court looks at it and says, well, really, we're not looking at it as a main claim, and then this second thing is added to it, but more you just kind of throw all the claims into a pot and then start picking through it and say, do you have some original jurisdiction claims or some federal question claims, and then is anything else in here non-removable? That's essentially the equation. And if you can't point to one, then you can't remove under 1441C. I would concede that if it does fall within the supplemental jurisdiction, then under the current iteration, then it is difficult for our position on that front. Although I would say, as we say in our brief, if it does fall within the supplemental jurisdiction, the district court's supplemental jurisdiction, that we think that removal is proper under 1441A. Because you have a very- And then that brings us back to the Home Depot issue, right? Yes, possibly. Possibly. We don't know how the court's going to decide it. Correct. It was argued in January. We're all kind of waiting to see at any moment it could drop, possibly. But you have kind of the unusual circumstance of, all right, well, if you say, look, Shamrock Oil didn't go in any further than to preclude plaintiffs who have already chosen their form to remove on a counterclaim, and we're going to allow third-party defendants to bring these claims. And if the ejectment claim does fall within the supplemental jurisdiction, then now you've got all- you have the odd situation, before at least we hear from the Supreme Court, where you have defendants who are being brought into a court who had no choice of form, and they're actually now being kept out, apparently, because everything is within the federal court's jurisdiction. And that seems a bit odd, especially in light of kind of what you'd call the spirit of the- I understand. I mean, I think you make good policy arguments, but I just don't know how this is going to turn out. One thing that we're just going to have to wait to see is because the only thing, to be candid, that would keep us out, that would make removal improper under 1441A, you know, everything else is met. If all the claims are within the original supplemental jurisdiction, then we're good. Except when you have a 1441A situation, you also have to have, under the statute, consent of all the defendants. Now, it'll be interesting to see what the Supreme Court does with that because that creates a real problem. If you're a third-party defendant, you're being brought into a case by a party that has willingly said, I'm in state court, but I'm going to stay here. In fact, I'm going to voluntarily bring, even though I could bring it in federal court, I'm going to voluntarily bring a counterclaim and drag somebody else into this. But now they're going to have to seek my consent to go to federal court because I am, in one sense, a defendant. It seems that, and again, we'll have to see what the Supreme Court does, but looking at 1446, which is where you get these requirements, the procedure, you have 1441 telling you what the scope of the removal power is. Here are the parties entitled to remove, the defendants entitled to remove. Once that's determined, it seems when you take a look at 1446 that now that defendant, 1446 is not a grant of removal jurisdiction. Now you go to 1446 and say, all right, what do I need to do? The removing defendants, the defendants with the entitlement to remove. Well, one of the things you have to do is file a notice, and then you have to get consent, and then you have to seek or send a notice to all the adverse parties. Well, here, the defendants proper I would submit are the third-party defendants. If you look at the notes to Rule 13, which they admit this is what we're going under, they make it clear that when a party brings a counterclaim like this, they are a plaintiff, and the people where the claims are brought against are defendants. So it seems very strange that the party actually bringing people in, you would need consent from them, even though they have already made a voluntary decision to bring their counterclaim in state court. But, again, that may be something that we do have to wait to see if the Supreme Court addresses, because it does create, it can create some problems. With my few remaining seconds, I just wanted to address, since we threw out the Turner issue, we addressed that in a brief, of course, but we don't think that there's any issue there. The language of the mortgage that's at issue there is very different than it was, actually the language of the letter that was sent. In here, the mortgage said that you will inform the borrower of the right to bring a court action to assert the nonexistence of a default or any other defense of borrower to acceleration in sale. It's a document 44-5. The letter said you have the right to assert in court, this is at 44-9, the nonexistence of a default or any other defense to acceleration of foreclosure. In Turner, you have a similar language in the mortgage, but the letter here said you also have the right to assert in foreclosure the nonexistence of a default. Well, foreclosure is brought necessarily by, the borrower is not going to bring a foreclosure. In other words, what that tells the borrower, and this was the problem in Turner, is the borrower has to sit back and wait for a foreclosure, and then maybe you can do that. If you look at some of the footnotes in that case, you see this is really unfair to the borrower. Well, here we made it clear you have the right to assert in court, and so that's not limited to you. You have to wait, or it doesn't in any way indicate that you have to wait for a foreclosure. Thank you, Your Honor. Thank you, counsel. Mr. Ray. Thank you, Your Honor. A couple of things on the policy arguments, I would state that, and Judge Steele pointed this out in his decision that I attached, if they have it their way, they would single-handedly remove the federal court, and no one else would have a choice. So it works both ways, because under their scenario and what they're arguing, they get to remove the original plaintiff has no say in it, and we have no say in it. So, you know, to feign this outrage over it's not fair, I don't think is really a very good policy argument under this scenario, because as I pointed out, the plaintiff asked for the case to go back. We wanted it to stay there. He also stated in his argument that we had the choice to bring the case in federal court, and that may be theoretically true, but it's not practical or realistic, because as it's stated before, the only way we win in state court is to defeat the title argument of the original plaintiff, and in order to defeat the title argument of the original plaintiff, we have to have them to show that there was a problem with the foreclosure, because if the foreclosure is invalid or void, then they have no title. So, yes, theoretically, we could go out and sue, but it wouldn't do any good because they would lose the house, and that was pointed out in other cases. So, while it is theoretical that we could go and sue them in an independent action in federal court or state court, what we have here is because of the situation brought by the plaintiff, we have to bring in joined parties that are necessary to the outcome of the case, and Carl Heck was all about a third-party claim. This is not a third-party claim, as pointed out over and over and over again by the other judges and by us in the brief. We were not bringing them in under Rule 14. We brought them in under 13. They are a joined party who is an additional counterclaim defendant, and so for that reason, we can't deal with the ejectment case without them because if we can't show they wrongfully foreclosed, we can't show that we have superior title or that the plaintiff doesn't have title. So, I just wanted to make that clear that, theoretically, that's a great idea, but it doesn't work here, and it doesn't work practically because this is what happens in every case. I would also point out that in other cases where they have to get consent, there are times when other defendants don't consent, and they don't get to go to federal court. I've had cases where we have brought people in and the other, maybe one of the defendants for whatever reason, does not want to go to federal court, and they don't sign a consent. So, this case is not the only case that prevents them from not having a choice. For example, if we sued A and B in federal court, and B, I mean state court, and B wants to remove, but A doesn't, they don't get to remove, or at least that's my understanding of it. So, to say that this is the only unfair case where they have no choice, well, that happens all the time when other defendants do not sign off on the consent. Again, the Carl Heck case, I think, is completely limited to third-party practice. It isn't even applicable. I think you only get to it if you extend Carl Heck to the idea that it implies counter-defendants. The other thing that I wanted to bring up is the Holmes case, which we really didn't talk about. He talks about the other Supreme Court case, but at least in the concurring opinion, it was made very clear by at least some of the judges, or justices, that counter-defendants can't ever remove. So, I know it may not be completely clear with the majority of the court on this specific issue, but if you look at the Holmes case, particularly with Judge Scalia. Although I'm not really sure that they're technically counter-defendants. I mean, they seem more like third-party defendants. Well, they don't fit anywhere else under the rule. I mean, they are a new party, and they are a third party in the sense that they are a new party, but they are not a third-party defendant as defined under the rules, clearly because the liability to a third party is not an issue like it was in Carl Heck. So, what they really are is they're joined or added parties as counter-defendants because the defendant is suing them as it relates to the plaintiff's claim. That's part of the complexity that this case presents, is that what you've done is really not contemplated at all by the rules themselves. This is third-party practice rules that the Rules Committee and others have formulated over many years, and what you've done is just flat-out sued somebody in state court on a federal claim and appended it to a state court ejection action to hold them in state court. And that may be an abstract policy question, but last time I looked, the Supreme Court was inclined to take up those kinds of policy issues. Don't say that. Not being critical, but because they turn on interpretation of the rules themselves. My question is, from both counsel, is whether we ought to proceed or at least wait for the Supreme Court to tell us one answer, which in my thinking will resolve. Certainly change the direction of this whole analysis. There will still be things remaining, but it will advance it. But I don't know what the litigants do, but you're closer to this than I am. So what do you think? What's best for you? I would not argue with a straight face here that I don't think it has any effect at all. I mean, I do think it has. If nothing else, there will probably be some dicta or some suggestion. And there may not be an agreement. It may be a very splintered decision. Well, should we wait or not? If I were you, I would, honestly. Because I think we will have a decision in a month or so, it may be sooner. And my experience here, nothing to say to the court, but it usually takes a few months anyway. I don't know how this particular panel works, but I would suggest that waiting 60 days is probably not going to hurt anyone, given the history of the case here. And just as a last note, if you look at what the notice says and what Turner says, it says you have to tell them they have the right to bring a court action. What this notice says is they may have a right to raise in court certain things. What I think the difference is, if this was Florida, which Judge Rosenbaum, I believe you're from Florida, would be different, because foreclosure cases are brought in court so that you would assert your claims in court. We're in a non-judicial, and I think they used the wrong notice. It should have been a non-judicial, and it was a judicial. Thank you, counsel. Thank you. Thank you very much. I do. I appreciate it. Thank you. Can you go to the microphone so we'll have it on record, please? Thank you. I don't certainly wager on it. I mean, it's early April now. We should have an answer, I would think, in the next two, certainly by the end of the term. So, and it's hard to say that it wouldn't, at least possibly, could have a major impact on the case, just depending on which way they go. Thank you, counsel. Thank you. All right, next we have Marbury v. Warden.